UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14016-CR-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH CRUTCHLEY,

    Defendant.
_____/

FILED by _____ D.C.
AUG 22 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON FINAL EVIDENTIARY HEARING

**THIS CAUSE** having come before the Court for a final hearing on August 16, 2018 with respect to the Petition for Warrant or Summons for Offender under Supervision (the "Petition"), and this Court having convened a hearing, recommends to the District Court as follows:

1. Defendant appeared before this Court on August 16, 2018 for a final hearing on the Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about May 25, 2018, in Saint Lucie County, Florida, the defendant committed the offense of knowingly providing false registration information, contrary to Florida Statute 943.0435(14)(c)4. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On May 15, 2018, the defendant submitted a urine specimen which tested positive for the presence of amphetamine, and subsequently was confirmed positive for methamphetamine. |
| **Violation Number 3** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. Between March 15, 2018 and March 18, 2018, the defendant admitted, both verbally and in writing, to using methamphetamine and cocaine on a daily basis. |

**Violation Number 4**   **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On February 23, 2018, the defendant submitted a urine specimen which tested positive for the presence of cocaine in our local laboratory; and was subsequently confirmed positive by Alere Toxicology Services, Incorporated. Further, on March 9, 2018, the defendant admitted, both verbally and in writing, to using cocaine and methamphetamine on or about February 21, 2018.

**Violation Number 5**   **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On February 23, 2018, the defendant admitted, both verbally and in writing, to using methamphetamine at least two times per week over the past four weeks.

**Violation Number 6**   **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On February 14, 2018, the defendant submitted a urine specimen which tested positive for the presence of cocaine in our local laboratory; and was subsequently confirmed positive by Alere Toxicology Services, Incorporated. Further, on February 23, 2018, the defendant admitted, both verbally and in writing, to using cocaine and methamphetamine on or about February 13, 2018.

**Violation Number 7**   **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On July 26, 2017, the defendant submitted a urine specimen which tested positive for the presence of cocaine and amphetamine in our local laboratory; and was subsequently confirmed positive by Alere Toxicology Services, Incorporated. Further, on August 7, 2017, the defendant admitted, both verbally and in writing, to using cocaine and methamphetamine on or about July 24, 2017.

**Violation Number 8**   **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On July 17, 2017, the defendant submitted a urine specimen which tested positive for the presence of cocaine in our local laboratory; and was subsequently confirmed positive by Alere Toxicology Services, Incorporated. Further, on July 26, 2017, the defendant admitted, both verbally and in writing, to using cocaine on or about July 16, 2017.

**Violation Number 9**     **Violation of Standard Condition**, by failing to report to the probation officer as directed. On or about May 25, 2018, the defendant was instructed to report to the United States Probation Office in Fort Pierce for a mandatory appointment and he failed to comply.

**Violation Number 10**    **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On or about May 25, 2018, and again on May 22, 2018, the defendant failed to report for a Code-A-Phone drug test as directed.

**Violation Number 11**    **Violation of Standard Condition**, by failing to notify the probation officer of any change in residence. On or about May 22, 2018, the defendant moved from his approved residence of 2111 South Federal Highway, Fort Pierce, Florida, and his current whereabouts are unknown.

**Violation Number 12**    **Violation of Standard Condition**, by frequenting a location where controlled substances are illegally sold, used, distributed, or administered. On February 23, 2018, the defendant admitted to frequenting a local park in Fort Pierce, Florida over the past four weeks for the purpose of purchasing illegal substances. The defendant indicated he had prior knowledge that the park was a location in which controlled substances are illegally sold.

**Violation Number 13**    **Violation of Special Condition**, by failing to participate in an approved treatment program for drug and/or alcohol abuse. On or about May 25, 2018, the defendant was unsuccessfully discharged from the Port Saint Lucie Hospital intensive outpatient treatment program.

**Violation Number 14**    **Violation of Special Condition**, by failing to participate in a sex offender treatment program to include psychological testing and polygraph examination. On or about May 22, 2018, the defendant failed to participate in a sex offender treatment at Larry Auerbach L.C.S.W., as evidenced by his failure to report for both his individual and group sessions on May 22, 2018.

2. After consultation with his attorney, Defendant announced to this Court that he wished to admit Violation Numbers 2 through 10, 12 and 13 as set forth in the Petition. This Court questioned Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing with respect to the alleged violations. Defendant acknowledged that he understood his rights and further understands that if this Court accepts his admissions all that will remain as to these violations will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. The possible maximum penalties faced by Defendant were read into the record by the Government, and Defendant stated that he understood those penalties.

4. The Government provided a factual proffer for Defendant's admissions. According to the Government, Defendant submitted urine specimens that tested positive for the presence of cocaine and/or amphetamine as confirmed by Alere Toxicology Services, Incorporated on or about the following dates: May 15, 2018 (Violation Number 2), February 23, 2018 (Violation Number 4), February 14, 2018 (Violation Number 6), July 26, 2017 (Violation Number 7), and July 17, 2017 (Violation Number 8). Defendant admitted to his probation officer that he used cocaine and methamphetamine daily between March 15, 2018 and March 18, 2018 (Violation Number 3). Defendant admitted to his probation officer that he used methamphetamine twice a week for the past four weeks on February 23, 2018 (Violation Number 5). Defendant admitted to his probation officer that he frequented a local park where drugs are sold in order to buy illegal drugs on February 23, 2018 (Violation Number 12). Defendant was instructed to report to the United States Probation Office in Fort Pierce for a mandatory appointment on May 25, 2018 and he failed to comply (Violation Number 9). Defendant failed to report for Code-A-Phone drug tests as directed on May 22, 2018 and May

4

25, 2018 (Violation Number 10). Defendant was unsuccessfully discharged from the Port St. Lucie Hospital's intensive outpatient drug treatment program on or about May 25, 2018 (Violation Number 13). Defendant agreed that the Government's proffer with respect to Violation Numbers 2 through 10, 12 and 13 was true and correct. Defendant also agreed that the Government could prove these facts against him were a hearing to be held in this matter. The Court has considered the Government's proffer, and finds that it sets forth a sufficient basis to support Defendant's admissions to Violation Numbers 2 through 10, 12 and 13.

5.   The undersigned also conducted an evidentiary hearing with respect to Violation Numbers 1, 11 and 14. The Government proceeded by proffer and offered U.S. Probation Officer Robert Tango for cross-examination. Violation Number 11 alleges that Defendant moved from his approved residence at 2111 South Federal Highway in Fort Pierce on or about May 22, 2018 and failed to notify his probation officer of his change of address. Violation Number 1 alleges that Defendant falsely reported on a sex offender Registration Form that he was residing at 2111 South Federal Highway in Fort Pierce on May 25, 2018 when in fact he was not. With respect to these violations, Officer Tango testified that Defendant was approved to reside in his mobile Recreational Vehicle (RV) at 2111 South Federal Highway in Fort Pierce, which is the K-Mart Plaza parking lot. Officer Tango met with Defendant in his RV at K-Mart Plaza parking lot on May 19, 2018. He noticed that Defendant looked ill and had track marks on his arm. Officer Tango instructed Defendant to report to the Probation Office for drug testing the following Monday, which was May 21, 2018. Defendant reported as instructed on May 21st. On May 22nd, Defendant did not show up for sex offender therapy, which Officer Tango stated was "abnormal" for Defendant. Officer Tango became concerned and called the local hospitals and jail to see if Defendant had been admitted. Officer Tango also made several

5

unsuccessful attempts throughout the day to contact Defendant by phone. On May 23rd, Officer Tango called the St. Lucie County Sheriff's Office (SLCSO) Sex Offender Office to see if they had seen Defendant, but they had not. On May 24th, Officer Tango called Defendant's substance abuse counselor at the hospital to see if she knew Defendant's whereabouts. She said Defendant had not shown up for counseling on May 23rd or 24th and the last time she saw him was on May 22nd. She further advised that Defendant was not at the K-Mart Plaza parking lot when the van arrived to pick him up for treatment on May 23rd.

6. Officer Tango made multiple attempts to contact Defendant by telephone between May 22nd and May 25th, but was unsuccessful. Officer Tango also looked for Defendant's RV in the K-Mart Plaza parking lot as he traveled to and from work. On May 25th, Officer Tango received a telephone call from the SLCSO Sex Offender Office advising that Defendant was in the office to register. Defendant claimed he was still living at the K-Mart plaza parking lot in Fort Pierce. Defendant was given the phone so he could speak with Officer Tango. Officer Tango asked Defendant where he had been since May 22nd. Defendant said he had been in Fort Pierce but refused to say where. Officer Tango told Defendant to report to the probation office by 3:30 pm that same day. Defendant failed to do so.

7. While at the SLCSO Sex Offender Office on May 25th, Defendant filled out the FDLE Sexual Predator/ Offender Registration Form (Government's Exhibit 1). Providing false information on the Registration Form is a third degree felony under Florida law.[1] Defendant listed his "transient address" as 2111 S. Federal Highway in Fort Pierce in St. Lucie County on the Registration Form. The Form asks for the "dates you will be at this address," to which

---

[1] The undersigned notes that Defendant has not been charged by the State of Florida with knowingly providing false registration information in violation of FL ST § 943.0435(14)(c)(4).

Defendant replied that he would be at that address from "2/28/18". Defendant did not provide an end date for his time at that address (that section was left blank). The government argues that this was a knowingly false omission because Defendant had moved from the K-Mart Plaza parking lot at 2111 South Federal Highway prior to filling out the Registration Form.

8. The Registration Form provides that "transient residence" means "a county" where the offender "lives, remains or is located for a period of 5 or more days in the aggregate during a calendar year." Transient residence "includes but is not limited to a place where [the offender] sleeps or seeks shelter and a location that has no specific street address." Officer Tango testified that Defendant is approved to park his RV at the K-Mart Plaza parking lot as his "residence." He is not required to stay at that location all day, nor does he have to keep the RV parked there. The RV is mobile and Defendant is allowed to drive it throughout the Southern District of Florida. Defendant must park the RV at the K-Mart plaza parking lot overnight, however. If Defendant moves from that location as his "residence," he has 48 hours to report a change of address to the Probation Office.

9. Officer Tango's testimony establishes that he last saw Defendant in the RV at the K-Mart Plaza parking lot on May 19, 2018, which was six days before Defendant used this address on the Registration Form at the Sex Offender Office. During that time frame, Defendant appeared at the federal Probation Office in Fort Pierce on May 21st. He also apparently went to drug treatment on May 22nd, since that was the last day the substance abuse counselor saw him. When the van arrived at the K-Mart Plaza parking lot on May 23rd, however, Defendant was nowhere to be found. Yet, this does not prove by a preponderance of evidence that Defendant had moved or changed residences. He is allowed to move the RV around during the daytime and Officer Tango did not check at night to see if the RV was parked there. Officer Tango also did

7

not do a complete check of the entire K-Mart Plaza parking lot (front and back) until June 6, 2018. The Government points out that Defendant ultimately was located and arrested in Cocoa Beach, Florida on June 16, 2018. Cocoa Beach is in the Middle District of Florida and Defendant did not have permission to leave the Southern District of Florida. Thus, Defendant clearly traveled outside the Southern District of Florida without permission on or before June 16th. But that is not the violation charged in the Petition, and Defendant's whereabouts in June do not establish where he was living in May. This is particularly true since Defendant was seen in St. Lucie County several times between May 19th and May 25th. Officer Tango saw him in his RV at the K-Mart Plaza parking lot on May 19th; Defendant reported to the Probation Office in Fort Pierce on May 21st; the substance abuse counselor saw him on May 22nd; and Defendant went in person to the SLCSO Sex Offender Office to register on May 25th. The Government's best evidence that Defendant moved on or before May 25th and knowingly provided false information regarding his residence is Defendant's refusal to answer Officer Tango's question on the phone about where Defendant was living. The undersigned does not find Defendant's refusal to answer, by itself, sufficient to prove Defendant had changed his residence and knowingly provided false information on his Registration Form.

10. For the same reasons, this Court does not find that the government has proven Violation Number 11, which alleges that Defendant moved from his approved residence on or about May 22nd and failed to notify his probation officer of his change in address. The government has not established to this Court's satisfaction that Defendant moved on or before May 22nd or May 25th. That Defendant was found about two hours away in Cocoa Beach on June 16th proves Defendant left the Southern District of Florida without permission, but it does not prove he changed addresses and certainly does not establish that he did so prior to May 25th.

11. The Court also does not find that the government has proven Violation Number 14 by a preponderance of the evidence. Violation Number 14 alleges that Defendant violated a special condition of his supervised release by failing to participate in a sex offender treatment program to include psychological testing and polygraph examination. This Court heard evidence that Defendant missed a sex offender therapy appointment scheduled for May 22nd, which caused Officer Tango to start calling hospitals and jails because that was "abnormal" for Defendant. The undersigned infers from this testimony that Defendant typically attended his group and individual therapy appointments, so much so that when he missed one, it was cause for concern. No evidence was presented showing Defendant typically did not participate in sex offender therapy sessions, failed to complete assignments, failed to take polygraphs as instructed, failed any polygraphs or demonstrated behavior suggesting a danger of sex offender relapse. Nor was this Court presented with evidence that Defendant's sex offender therapist terminated Defendant from treatment for failure to adequately participate. This Court does not find that missing one appointment, without more, demonstrates a failure to participate as contemplated by Defendant's terms of supervised release.

12. It is clear to this Court that Defendant has a significant substance abuse problem and violated his supervised release numerous times by obtaining and using illegal drugs. It is also clear that Defendant was in a downward spiral by May 19th when Officer Tango saw him looking ill with track marks in his arms. Defendant submitted numerous urine samples that were positive for illegal drugs. He failed to report for Code a Phone drug testing on May 22nd and 25th, failed to report to the Probation Office as required on May 25th, and was discharged from substance abuse treatment. Defendant has taken responsibility for and admitted all of the violations relating to these behaviors. The Government has not proved to this Court's

9

satisfaction, however, that Defendant moved from his approved residence on or about May 22nd, knowingly falsified registration information on May 25th, or failed to participate in sex offender treatment.

13. **ACCORDINGLY**, based upon Defendant's admissions to Violation Numbers 2 through 10, 12 and 13 of the Petition under oath, this Court recommends to the District Court that Defendant be found to have violated his supervised release with respect to Violation Numbers 2 through 10, 12 and 13, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter. This Court further recommends that the Government has not sustained its burden of proof regarding Violation Numbers 1, 11, and 14.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 22nd day of August, 2018.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE